CHARLES S. McALLISTER, EXECUTOR OF IRA McALLISTER, v. IRA McALLISTER'S HEIRS, THE METHODIST EPISCOPAL MISSIONARY SOCIETY, AND THE FREEDMEN'S BUREAU.

[IN CHANCERY.]

*Construction of Wills.*

The testator bequeathed the sum of one thousand dollars, " to be paid by my executor hereinafter named, for the education of the Freedmen of this nation, as soon after my decease as it can reasonably be collected and appropriated to that end: his best judgment and discretion to be exercised in said appropriation." *Held*, that said bequest was not void for uncertainty, and that the executor was the proper person to appropriate the fund to the object of the bequest.

After making certain other bequests, the testator devised the residue of his property to "The Methodist Episcopal Mission at Bombay." No person, corporation, or society, known by that specific name, ever existed, and no such mission was located at Bombay. It appeared that the testator, who had never been able to read or write in consequence of defective eyesight, had for a long time been a devoted member of the Methodist Episcopal Church, and, as such, had been acquainted with the work of missions as carried on by said church in foreign lands, and especially in India, and had been interested therein, and contributed thereto; that said church distributed its contributions for missions, foreign and domestic, through a regularly incorporated society denominated " The Missionary Society of the Methodist Episcopal Church "; that several years before the making of said bequest, said society had established a mission in India, which was among the largest and most prosperous of its foreign missions; that missionaries sent by said society to its Indian mission, landed at Bombay, and in returning, sailed from there, although the center of its operations was at Lucknow, whence missionaries went forth, itinerating a vast area of country, peopled with millions of inhabitants. *Held*, that the testator intended a gift to said society, to be expended in carrying forward the work of the society in India, through a mission located, not at Bombay, as the testator supposed, but at Lucknow.

APPEAL from the court of chancery. The case was heard on bill, answer, traverse, and proofs, at an adjourned term of the court of chancery, held on the 7th of December, 1872, Franklin county, ROYCE, Chancellor. Appeal by the orator. The case is sufficiently stated in the opinion.

*Edson & Rand* and *Paul Dillingham*, for the orator, the Freedmen's Bureau, and the Missionary Society of the Methodist Episcopal Church.

The third bequest creates a trust in the hands of the executor, and will be upheld. Hill on Trustees, 112, n. 2, after a careful and exhaustive examination of all the cases on the subject, submits the following rules, as the result of decisions, and as warranted by the latest writers: 1. " Precatory words in a will, equally with direct fiduciary expressions, will create a trust; the wish of a testator, like the request of a sovereign, is equivalent to a command. 2. Discretionary expressions which leave the application or non-application of the subject of the devise to the objects contemplated by the testator, entirely to the caprice of the devisee, will prevent a trust from attaching; but a mere discretion in regard to the method of application of the subject, or the selection of the object, will not be inconsistent with a trust. 3. Precatory words will not be construed to confer an absolute gift on the first taker because of failure or uncertainty in the objects or subject of the devise. But failure or uncertainty will be an element to guide the court in construing words of doubtful significance, adversely to a trust." The objects of the testator's bounty clearly appear. The words, " Freedmen of the nation," have a clear and definite meaning. The bequest to them is equally clear and definite, and the only discretion left to the executor or trustee, is in the appropriation of the fund, and comes within the rules above referred to. 1 Redf. Wills, 174, 176 ; 1 Jarman, 342-4 ; *Blake* v. *Dexter*, 12 Cush. 559 ; 2 Redf. Wills, 809, 810, 812 ; *Exrs. of Burr* v. *Smith*, 7 Vt. 241 ; *Bull* v. *Bull*, 8 Conn. 48 ; *Reformed Dutch Church* v. *Mott et al.* 7 Page, 77 ; *Inglis* v. *Sailors Snug Harbor*, 3 Pet. 99 ; Hill Tr. 109, *et seq.* The Freedmen's Bureau claim this bequest; as by the act of

36

Congress of March, 1865, creating the bureau, the Freedmen were placed under the care, management, and control of the officers of the bureau, and all gifts for their benefit should pass through their hands. The educational department being still in force, the sum should have been decreed to the commissioners of education.   2 Brightly Dig. 430, § 37 ;  Acts of Congress, 1865–66, 173 ; 1867–68, 55, 166.

The main question presented for the consideration of the court, arises under the fifth clause of the will.   The heirs claim that by showing there was no such mission at Bombay at that time, and hence no one there to receive the bequest, this clause of the will became inoperative.   The testator was a life-long member of the Methodist Episcopal Church ; warmly attached to the same ; and took a deep interest in its missionary society ; and, though unable to read, was more or less familiar with its operations and fields of labor ; and the court will presume that he was acquainted with the objects and operations of the missions of the missionary society of his church, and that he intended the legacy to be used to promote the objects indicated by the name of the mission ; but the parol evidence was admissible to prove those facts as part of the surrounding circumstances, and the most unbounded indulgence will be shown to the ignorance, unskilfulness, or negligence of the testator.   *Button, exr.* v. *American Tract Society et al.* 23 Vt. 336 ; *Brewsters* v. *McCall's Devisees,* 15 Conn. 274 ; *Minot* v. *Boston Asylum,* 7 Met. 416 ; *Tucker* v. *Seaman's Aid Society,* 7 Met. 205 ; *Inglis* v. *Trustees of Sailors Snug Harbor, supra ; Baugh* v. *Read,* 1 Ves. Jr 259 ; *Campbell* v. *French,* 3 Ib. 321.

In cases of latent ambiguity and resulting trusts, statements made by the testator at the time he executed the will, are admissible, and to be taken into consideration by the court in construing the will.   1 Redf. Wills, 436, § 23 ; *McClure* v. *Evans,* 29 Beav. 422.   The ambiguity here is raised by proving that there was no mission at Bombay ; but there were missions in other parts of India ; and it can require no extensive citation of authorities to sustain this proposition.   *Allen* v. *Lyon,* 2 Wash. C. C. 475 ; *Winkley* v. *Kaime,* 32 N. H. 268.

In a devise to a corporation, if the words (though the name be entirely mistaken) show that the testator could only mean a particular corporation, it is sufficient. Angel & Ames Corp. (8th ed.) § 99. And when the intention appears from the will and evidence *aliunde*, it becomes immaterial, for it is a mere question of identity. Angel & Ames Corp. § 185 ; *Hornbeck* v. *American Bible Society*, 2 Sandf. Ch. 133 ; *New York, &c. Society* v. *Exr. of I. C.* 4 Halst. Ch. (N. J.) 451 ; *Sutton* v. *Cole*, 3 Pick. 232 ; *Banks* v. *Phelan*, 4 Barb. 80 ; *N. Y. Institute for the Blind* v. *Harris, exr.* 10 N. Y. 85 ; *Owens* v. *Missionary Society*, 14 N. Y. 388 ; *Smith* v. *Smith*, 1 Eden Ch. 190 ; *Thomas* v. *Stevens*, 4 Johns. Ch. 291 ; *Button's Exr.* v. *American Tract Society*, *supra*. There is nothing in the will to show that the testator intended to state the name of the society ; he knew the objects and scope of the society to be charitable and religious, designed to diffuse more generally the blessings of education and christianity, and to promote and support missionary schools and christian missions throughout the United States and in India, and that all such schools and missions were under the control and direction of the "Missionary Society of the Methodist Episcopal Church," and a bequest to the "Methodist Episcopal Missions," was a bequest to the society itself. *N. Y. African Society* v. *Varick*, 13 Johns. 38; *Minard* v. *Ins. Cc.* 6 Hill, 476 ; 10 N. H. 123.

It is well settled that a devise or bequest, to a corporation, need not state its corporate name. It is sufficient if it can be distinguished from every other corporation. *N. Y. Institute for the Blind* v. *Harris, supra ;* 1 Jarman, 330; Angel & Ames Corp. 168 ; *Dr. Ayer's* case, 11 Coke, 20 c. The error is one of description, in locating the mission at Bombay. The general rule upon the subject, that when the name or description of the legatee is erroneous, and there is no reasonable doubt as to the person who was intended to be named or described, the mistake will not disappoint the bequest,—has grown into a maxim in the law ; *falsa demonstratio non nocet*, has been the controlling rule which has governed a large class of cases. 1 Jarman, 337, 338, 341 ; *Drew* v. *Drew*, 8 Foster, 489 ; *Bradshaw* v. *Bradshaw*, 2 Y. & Col. 72 ; *Smith* v. *Smith*, 4 Paige,

7 ; *Trustees* v. *Peaslee*, 15 N. H. 317 ; *Woods* v. *Moore*, 4 Sandf. 537 ; *Winkley* v. *Kaime*, 32 N. H. 268 ; *Douglass* v. *Blackford*, 7 Md. 8 ; *Roman Catholic Orphan Asylum* v. *Emmons*, 3 Bradf. 144 ; *Jackson ex dem* v. *Sill et als.* 11 Johns. 201 ; *Allen* v. *Lyon, supra ; Domestic & Foreign Mission Society's Appeal*, 30 Penn. 425 ; *Button* v. *American Tract Society, supra ; Beaumont* v. *Fell*, 2 P. Wms. 141 ; *Abbott* v. *Massie*, 3 Ves. 148 ; 1 Meriv. 383 ; *Parsons* v. *Parsons*, 1 Ves. Jr. 266 ; *Smith* v. *Coney*, 6 Ves. 42 ; *Connelly* v. *Pardon*, 1 Paige, 291.

This gift may be construed as to the Methodist Episcopal Missions of India ; and, being for a religious and charitable use, designed to diffuse more generally the blessings of education and christianity, this court will execute the general intent of the testator *cy pres.* 1 Jarman, 255, 256 ; *Gilman* v. *Hamilton*, 16 Ill. 225 ; *Domestic & Foreign Mission Society's Appeal, supra ; Burr* v. *Smith, supra ;* 2 Story Eq. Jur. §§ 1169–1176 ; Perry Trusts, §§ 700, 701, 723, 724, 725, and note 1; p. 672, and cases cited. No uncertainty of the persons or objects, or whether the person to take is in *esse*, can defeat the bequest, if for a charity ; and where a literal execution becomes impracticable, the court will execute it according to the original purpose. 2 Story Eq. Jur. § 1169 ; *Attorney General* v. *Oglander*, 3 Bro. C. C. 166 ; *Attorney General* v. *Green*, 2 Ib. 495 ; *Attorney General* v. *Bishop of Chester*, 1 Ib. 444, 489, and cases cited in note ; Perry Trusts, § 732 ; *Attorney General* v. *Landlaff*, 2 Myl. & K 658 ; *Attorney General* v. *Andrew*, 3 Ves. 639 ; *Andrew* v. *Merchant Tailor's Co.* 7 Ves. 223 ; *Andrew* v. *Trinity Hall*, 9 Ves. 525.

This court has jurisdiction of bequests to charitable uses, independent of the statute of 43 Elizabeth, by virtue of its equity jurisdiction ; and the law as now established in relation to gifts, &c., to such uses, is not derived from that statute, but existed anterior. 2 Story Eq. Jur. §§ 1154, 1154 b. 1154 c. 1155, 1162, 1163 ; *Exrs. of Burr* v. *Smith et al. supra;* Perry Trusts, §§ 694, 695 ; *Jackson* v. *Phillips*, 14 Allen, 549 ; 2 Redf. Wills, 517, 518, 535, and cases cited ; *Vial* v. *Howard's Exrs.* 2 Howard, 196.

The bequest being for a charity, the construction is to be the

most liberal.  2 Story Eq. Jur. §§ 1074, 1139, 1167, *et seq.;* 2 Redf. Wills, 517, 518, 535.  The testator evidently intended this gift for a Methodist Episcopal Mission at Bombay.  The language of Lord MANSFIELD in the case of *Chapman* v. *Brown,* 3 Burr. 1634, is very strong to show how far courts will go to carry into effect the intention of the testator.  If it could not go for such a mission *at* Bombay, it should go for India missions generally, as carrying out the general intent of the testator ; and it is not to be set aside because it cannot be carried out to the full extent, but is to work as far as it can.  *Thellusson* v. *Woodford,* 4 Ves. 325 ; 13 Ib. 480 ; 2 Story Eq. Jur. §§ 1167, 1168 ; *Moggridge* v. *Thackwell,* 3 Bro. C. C. 430 ; 7 Ves. 36, 75 ; Perry Trusts, § 725 ; *Atty. General* v. *Glyn,* 12 Sim. 84 ; *Atty. General* v. *London,* 3 Brown C. C. 171 ; 1 Ves. Jr. 243 ; *Atty. General* v. *Craven,* 21 Beav. 392 ; *Atty. General* v. *Boultbee,* 2 Ves. Jr. 380 ; 3 Ves..220 ; *Atty. General* v. *Hicks in re St. John's Church,* 3 Ired. Eq. (N. C.) 335.  The erroneous part of description, " at Bombay," may be rejected and leave a sufficient description. *Winkley* v. *Kaime, supra ; Sellwood* v. *Mildmay,* 3 Ves. Jr. 306 ; *Goodletle* v. *Southern,* 1 M. & S. 299 ; *Day* v. *Trig,* 1 P. Wms. 286 ; *Lush* v. *Druce,* 4 Wend. 313 ; *Worthington* v. *Hyler,* 4 Mass. 196 ; *Loomis* v..*Jackson,* 19 Johns. 449 ; *Trustees* v. *Peasely,* 15 N. H. 317 ; *Lathrop* v. *Blake,* 3 Foster, 46.  The gift may be claimed as to the " Missionary Society of the Metho dist Episcopal Church," with a direction to expend the same in a mission at Bombay, and in the nature of a trust.  Hill Tr. ch. 4, 109.  But if the court are of the opinion that said society was not named trustee, and none was named, the gift being charitable, it is no objection to its validity if the object can be ascertained, as the want of a trustee will be supplied by a court of equity. *Washburn* v. *Sewall,* 9 Met. 280 ; *Bartlett* v. *King, exr.* 12 Mass. 543.

*H. S Royce,* for the heirs of Ira McAllister.

The bequest to the " the Freedmen of this nation," is void for uncertainty.  *White* v. *Fisk et al.* 22 Conn. 32 ; *Exrs. of Burt* v. *Smith et al.* 7 Vt. 309 ; *Owens et al.* v. *The Missionary Society,*

*&c.* 14 N. Y. 380; *Levy et al.* v. *Levy,* 33 N. Y. 97; 2 Redf. Wills, 817, 820, note 2; *Treat's Appeal from Probate,* 30 Conn. 113; *Grimes* v. *Hammond,* 35 Ind. 198. No *trust* is created here, and the bequest goes directly to the beneficiaries, or else the amount of it is undisposed of. It is a bequest to a large class or portion of the community, without any mode of selection.

The bequest to the Methodist Episcopal Mission at Bombay, is void, because it is conceded that there was not at the time of the death of the testator, and never had been, any such mission. *King* v. *Strong,* 9 Page 94; *King et al.* v. *Woodhull et al.* 3 Edw. Ch. 83; *Easterbrook et al.* v. *Stellinghast,* 5 Gray, 17; *Brewster* v. *McCall's Devisees,* 15 Conn. 292; *Tucker et al.* v. *Seaman's Aid Society,* 7 Met. 208; *Sherwood* v. *The American Bible Society,* 1 Keyes, 566; *Owens* v. *The Missionary Society, &c., supra;* 2 Redf. Wills, 782, § 21; Ib. 830, § 80; 1 Redf. Wills, 688, § 38; Ib. 698, § 4; 2 Ib. 793, § 40; 2 Story Eq. Jur. § 1186. "If the charity or object of the gift be precisely pointed out and fail, it seems then, in general, that it should not be applied to another." 2 Story Eq. Jur. 621, note, §§ 1182, 1183, 1192, 1193, 1194; *Williams* v. *Williams,* 8 N. Y. 548; Am. Law Rev. July, 1871, 702; *Baptist Association* v. *Hart's Executors,* 4 Wheat. 330; *Downing* v. *Marshall,* 23 N. Y. 366; *Exrs. of Burr* v. *Smith et al. supra;* 3 Pet. 381; 9 Cow. 437; Hill Tr. 701. No charitable object or purpose is named, and there is nothing to indicate that this bequest was a gift to *charity.* 2 Story Eq. Jur. § 1183; 14 N. Y. 385; Hill Tr. 200.

The doctrine of *cy pres* has not been adopted in this state; nor to any considerable extent in this country. 2 Redf. Wills, 811; Hill Tr. 192, n.; 4 Kent Com. 508, note; *Exrs. of Burr* v. *Smith, supra; Beekman* v. *Bonsor,* 23 N. Y. 308; *Bascom* v. v. *Anderson,* 34 Ib. 590; 22 Conn. 54.

"If there is a mistake in the description of the *devisee,* that is, if there is no one who corresponds to the description in *all particulars,* but there is-one who corresponds to it in *many particulars,*" extrinsic testimony will be admitted. *Button, exr.* v. *American Tract Society,* 23 Vt. 346. This is the doctrine of the case, *Tucker* v. *Seamen's Aid Society,* 7 Met. 205, and of all the Massachusetts

cases. In the case at bar, the extrinsic testimony has no tendency to show that the missionary society of the Methodist Epicopal church was intended. It is not a case of *equivocation.* There is no ambiguity in the will. It is only where the description in a will applies with equal clearness to different persons or subjects, that the question of intention can arise so as to make extrinsic evidence admissible. 1 Redf. Wills, 609. The bequest is to a mission. The claimant is a missionary society. And it is claimed that by the description of a mission at Bombay, a missionary society at New York was intended. 14 N. Y. 384, and cases there cited; *White et al.* v. *Howard et al.* 46 Ib. 162. Property once vested, cannot be divested. *Exrs. of Burr* v. *Smith, supra.* The statute of 43 Eliz. was never in force in this state. *Exrs. of Burr* v. *Smith, supra.* And see as to the effect of this statute, 8 N. Y. 525; 34 Ib. 604, *et seq.*

If the Methodist Episcopal Mission is to be treated as the trustee of the fund, or if the bequest be considered a gift to that mission, to be by it bestowed on charitable objects, in either case, as no such mission exists, and no beneficiaries are named, there is neither a trustee nor *cestui que trust.* It is believed that there is no case in which a bequest like the one under consideration has been sustained. In Massachusetts, where they have commissioners of charities appointed and regulated by statute, where the statute of 43 Eliz. is in force, and where, to some extent, the courts have administered charitable bequests *cy pres*, a bequest to a corporation not in existence was held void. *Easterbrook* v. *Tillinghast, supra.*

The principle upon which the case of *Button* v. *The American Tract Society, supra*, was decided, and of the Massachusetts cases, is the same; and they proceed expressly upon the ground that the *devisee* intended must be in existence, and capable of taking.

The opinion of the court was delivered by

Ross, J. The questions raised in this case are in regard to the validity of the third and fifth bequests in the testator's will. The third bequest is expressed as follows: "I give and bequeath the sum of one thousand dollars, to be paid by my executor here-

inafter named, for the education of the Freedmen of this nation, as soon after my decease as it can reasonably be collected and appropriated to that end : his best judgment and discretion to be exercised in said appropriation."

The sum withdrawn by the testator from his estate and set apart for the object named, is definite and certain—one thousand dollars. The beneficiaries who are made the subjects of the testator's bounty, are the " Freedmen of the nation," a well known class, and at the time of making the bequest, March, 1866, recently emancipated from slavery. Their wants and condition were then subjects prominently before the public, and well known to the testator. The object for which the bequest was to be expended is specifically named—the education of this class of persons. The person who is to be the almoner of the testator's bounty is appointed by the testator—"my executor hereinafter named." Everything is thus made definite and certain by the testator, except the particular mode of appropriating the bequest for the object named. This the testator has entrusted to the " best judgment and discretion" of his executor. The executor is alive and willing to discharge the duty thus cast upon him. · No authority has been cited by the counsel for the heirs, nor do we think any exists, which holds that the testator may not entrust the particular mode of appropriating his bounty for the object named, to the determination of a person appointed by him. There are many authorities which hold that the testator has this right and power, and its exercise will not render void the bequest. The general doctrine is, that whenever a testator has appropriated a definite portion of his property to a specific object, without appointing a trustee, the court of chancery will administer the trust, and allow no trust, otherwise valid, to fail for the want of a trustee. We do not think the Freedmen's Bureau has any claim upon this bequest. To give it to that society, though organized under an act of Congress, and operating for the education of the freedmen, would defeat rather than execute the intention of the testator, who has entrusted the selection of the mode of appropriating the bequest to his executor. We think the decree of the probate court and of the court of chancery, leaving this bequest in the hands of the executor, to

be appropriated by him in his best judgment and discretion to the education of the Freedmen, was correct, and in accordance with the intention of the testator.

II.   The fifth bequest is, "I give and bequeath the residue of my property to the Methodist Episcopal Mission at Bombay." It is conceded that, neither at the time of the execution of the will by the testator, nor at the time of his decease, was there, nor since then has there been, any such person, or body corporate or incorporate, in existence, known by the specific name of the Methodist Episcopal Mission at Bombay.   This bequest, therefore, cannot be upheld as a bequest to any person or body corporate or incorporate by name.   If it is a bequest to a legal devisee, it must be to such devisee by description rather than by name. Bequests may be made to a devisee by description, as well as by name.   *Button, Exr.* v. *American Tract Society*, 23 Vt. 336 ; *Brewsters* v. *McCall's Devisees*, 15 Conn. 274 ; *Minot* v. *Boston Asylum*, 7 Met. 416 ; *Tucker* v. *Seaman's Aid Society*, 7 Met. 205.   It is evident that the testator at the time he made the bequest, had in mind some object for which he desired to have the residue of his property expended, and some person or corporation through whose instrumentality he desired the expenditure to be made.   Has the testator by the words, "The Methodist Episcopal Mission at Bombay" sufficiently described the object for which he desired to bestow the residue of his property, and the person or corporation through whose instrumentality the same was to be appropriated to that object, one or both ?   To aid in determining this question, extrinsic evidence of the circumstances which surrounded the testator at the time he made the bequest, may be received.

From such evidence, we learn that the testator, who had never been able to read or write, through a defect in his eyesight, had for a long time been a devoted member of the Methodist Episcopal Church, and as such, had been acquainted with, interested in, and a contributor to, the work of missions as carried on by that church in foreign lands, and especially in India.   That church distributed its contributions for missions, domestic and foreign, through a regularly incorporated society denominated "The Missionary Society of the Methodist Episcopal Church."   That society

had established several years before the making of said bequest, a mission in India.    It was among the largest and most prosperous, if not the largest and most prosperous foreign mission established by the society.    The missionaries sent out by the society to this field of labor, landed at Bombay.    In returning home, they sailed from Bombay.    The centre of the operations of this mission was established at Lucknow, from which place the missionaries went forth, itinerating over a vast area of the country, populated with millions of inhabitants.    It is to be borne in mind that the testator could neither read nor write, and that all the information he could obtain in regard to these missionary operations, must of necessity have been acquired from hearing others speak of them. In speaking of these missionary operations, one would be very likely to mention, that a missionary had arrived at Bombay, or left Bombay for the interior, or on his return home.    The testator, obtaining his information from this source alone, with no special knowledge of India as a country, would be very likely to understand that Bombay was the central point from which all the missionary operations of the Methodist Episcopal Church in that country emanated.    Hence the bequest to the Methodist Episcopal Mission at Bombay.    From this language, interpreted by his knowledge of, connection with, and love for, the Methodist Episcopal Church, there can be no doubt that he intended and made this bequest to carry forward missionary work in the foreign field, under the care and charge of that church, and in that part of the foreign field which, to his mind, was represented by Bombay. This is evident from the words used by the testator, " Methodist Episcopal Mission at Bombay."  These words clearly import a gift of the residue of his property to a mission under the charge and care of the Methodist Episcopal Church.    The testator has described this mission as located at Bombay.    In this there is a misdescription of the location of the object of his benefaction, as there was no such mission located at that place, under the care of that church.    A misdescription by the testator of the place at which the beneficiary or object of his bounty is located, will not avoid the bequest, if the beneficiary or object to which the bequest is made, is sufficiently described so that it is made reasonably cer-

tain. If a testator should make a bequest to his oldest son, at Bombay, and it should turn out that he had no 'oldest son at Bombay, but had one at Lucknow, the bequest would not be void, but would be a valid bequest to the testator's oldest son, wherever he might be. It would be very different if the bequest should be to his nephew at Bombay, and it should turn out that the testator had no nephew at Bombay, but had several nephews at other places. In such a case, it would not be clear which nephew he intended, without the aid of other proof than that furnished by the bequest. In this case, it appears that no missionary work is carried on under the name of Methodist Episcopal missions, or under the care of the Methodist Episcopal Church, of which the testator was a member, except by the missionary society of that church ; and that that society had no mission located at Bombay, but did have one located at Lucknow, a place in the same country as Bombay, not far from it, and to reach which the missionaries must pass through Bombay. From the language of the bequest, in connection with the facts known to the testator, and the circumstances surrounding him, we think no reasonable doubt can be entertained that the testator intended by this bequest a gift to the missionary society of the Methodist Episcopal Church, to be expended in carrying forward the work of that society in India, through a mission located, according to the testator's understanding, at Bombay, but which in fact was located at Lucknow. We therefore think and hold, that this fifth bequest is a valid bequest to the missionary society of the Methodist Episcopal Church, to be expended for the object and purpose we have just indicated. In coming to this conclusion, we have had occasion to consider in connection with the language of the bequest, only the circumstances attending the making of the bequest, and surrounding the testator at the time he made the bequest. Such circumstances are always admissible in evidence, to aid in construing written instruments, that the court may be enabled to look at the subject-matter from the same stand-point from which the maker of the instrument viewed it, and thus be enabled to understand and apply the language used, in the same sense in which the maker of the instrument understood and applied it at the time he

made the written instrument.  Hence we have had no occasion to consider whether . the court of chancery in this state, has all the powers exercised by that court in England before or since the passage of the 43d of Elizabeth, in regard to bequests for charitable purposes ; nor whether the doctrine of *cy pres* prevails here to the same extent as in England ; questions which have been argued at length by the counsel on both sides.

The decree of the court of chancery in regard to the fifth bequest is reversed, and the cause is remanded to that court, with a mandate to enter a decree accor ling to the views herein expressed.