# N. L. SHELDON ET AL.

### v.

## TOWN OF STOCKBRIDGE.

### OCTOBER TERM, 1894.

*Right of town to receive bequests.    For care of cemeteries.
For common schools.    For relief of poor.*

1.  Inasmuch as a town has power to raise  money to keep in re-
    pair burial  grounds, it  may receive a bequest, the  annual
    income  of  which is to be applied to beautifying and fenc-
    ing a particular cemetery, upon condition that it will agree
    to keep good the principal fund through all time.

2.  By voting  to  accept  the  bequest  the  town would  become
    bound to fulfil the condition.

3.  A bequest to a town, made previous to the passage of No. 20,
    Acts 1892, of a given sum, the income to be divided among
    the school districts of  the  town in proportion to the num-
    ber of  scholars attending school, was not rendered void by
    the passage of  that act abolishing school districts and con-
    stituting each town a single district.

4.  A bequest to a town "the  income  only to be used for the re-
    lief of the poor in said town," is not void for uncertainty.

Bill  for  the  construction  of  a  will  by  the  executors.
Heard  at  the  December  term,  1893,  Windsor  county.
THOMPSON, Chancellor, decreed,  among  other  things, that
the town  of  Stockbridge was entitled to the bequests given
to it by the will.    The heirs of Whitcomb appeal.

Those portions  of  the will material to the questions con-
sidered are as follows :

"I give the town of Stockbridge, in Vermont, one thousand dollars, to be invested in good real estate security; one-half of the interest of said thousand dollars shall be expended yearly on my lot in the cemetery at Stockbridge common in cultivating flowers, improving and beautifying said lot; and the other half of the interest of said thousand dollars shall be expended yearly in fencing, improving and beautifying said cemetery; and this gift shall be known as the Albert Whitcomb cemetery fund.

"In accepting this gift of a thousand dollars, the town of Stockbridge shall agree to keep good this amount through all coming time.

"I order the foregoing bequests to be paid as soon as convenient after my decease or according to the specification of each gift, and the remainder of my estate, both real and personal, shall be kept during the life of my sister, Mrs. Nancy B. W. Houghton, and then disposed of in the following manner: I give the town of Stockbridge, Vt., to be invested in safe securities, twenty thousand dollars; the income only shall be divided among the school districts of said town; each district shall receive an amount in proportion to the number of scholars attending school. No fractional district shall receive the benefit of this bequest.

"This gift shall be known as the Albert Whitcomb school fund.

"In case the town of Stockbridge does not accept the conditions herein named or violates said conditions, the twenty thousand dollars shall be given to the three grandchildren of my brother, the late Elias K. Whitcomb, to be divided equally among them when each is thirty years old.

"I give to school district No. 3, located in Bethel village and its suburbs, thirty thousand dollars, the principal to be safely invested, and the income only to be used each year for the current expenses of the school.

"This gift shall be known as the Albert Whitcomb school fund, and the legal name of the school shall be 'The Whitcomb High School.'

"In case this gift is not accepted or its conditions shall be violated, it shall be given to and divided equally among the three grandchildren of my brother and late Elias K. Whitcomb, when each is thirty years old.

"The remainder of my estate I give to the town of Stock-

bridge, in Vermont, the principal to be safely invested, and the income only to be used for the relief of the poor in said town. This gift shall be known as the Albert Whitcomb poor fund. If my estate shall not be sufficient to pay the several bequests herein named, the last shall be void. If what remains is not enough, then next to the last shall be void, and so on in this order until the property shall equal the bequests."

*J. J. Wilson* for the orators.

*Samuel E. Pingree* for the Whitcombs.

The condition precedent attached to the cemetery bequest cannot be performed, for the town has no authority to give such a guaranty. 2 Woerner's Am. Law Admin., 953 ; 4 Kent's Com., s. 125 ; 2 Redf., Wills., 3d Ed. p. 285, s. 9 ; Dill., Mun. Cor., 52.

The common school bequest cannot be carried out for the beneficiaries no longer exist. 4 Kent's Com., 126 ; *McAuley* v. *Wilson*, 1 Dev. Eq. 276.

The legacy to the town for the relief of its poor is void for uncertainty. *Trippe* v. *Frazier*, 4 H. & J. 446; *Wheeler* v. *Smith*, 9 How. 73 ; *Morris* v. *Bishop*, 10 Vesey 51.

*W. E. Johnson* for town of Stockbridge.

The bequest for the relief of the poor is valid. *McAllister* v. *McAllister's Heirs et al.*, 46 Vt. 272 ; *Clement* v. *Hyde*, 50 Vt. 716 ; *Burr's Exrs.* v. *Smith*, 7 Vt. 241 ; *Button* v. *American Tract Soc.*, 23 Vt. 336.

*Fred Arnold* for School District No. 3.

TAFT, J.  There are six points made in the brief in behalf of the defendants Whitcomb.

I.  That the cemetery bequest is void for the reason that

it is subjected to a condition precedent, which cannot be performed. The testator gives the town one thousand dollars, directing that the interest be expended annually ; one-half in cultivating flowers on his burial lot in the cemetery at Stockbridge common, improving and beautifying it, the other half in fencing, improving and beautifying the cemetery.

The condition annexed to the bequest reads :

"In accepting this gift of a thousand dollars, the town of Stockbridge shall agree to keep good this amount through all coming time."

It is argued that the town has no power to bind itself by an agreement to keep the fund intact ; that the statute does not empower it to enter into such an obligation.

It is true the town possesses limited powers only, such as are given it by statute, and those necessarily implied, in order to carry out its express powers. It can raise money to carry out the powers expressly given it, and for expenses incident to such purposes ; it can always vote to raise money to pay expenses incurred in discharging duties imposed upon it by law.

Under R. L., s. 3192, towns have power to raise money to buy and keep burial grounds in repair and to fence them, and the selectmen may make all necessary regulations for the purpose of keeping them in proper order.

These duties, in respect to cemeteries, may be executed at the expense of the town, and for that purpose towns may vote to raise money.

It is for such purposes that the testator requires the interest of the one thousand dollars to be expended annually. A cemetery may be kept in repair and in proper order by cultivating flowers, improving and beautifying lots and the cemetery, and fencing the cemetery.

A town having power to raise money for the purposes specified in the gift, a majority of the court hold that it may

accept a gift, the interest of which is required to be expended for that purpose, even if the gift is coupled with the condition ·to keep the principal sum intact or good through all coming time. We think the vote of the town accepting the bequest binds it to the performance of the condition. It cannot accept the gift except upon the terms upon which it is given.

II.   The second point is raised upon the bequest of twenty thousand dollars to the town of Stockbridge for the support of common schools.

.The testator directs that the income of the fund shall be: annually divided among the school districts of said town,. each district to receive an amount in proportion to the number of scholars attending school; no fractional district to receive the benefit of the bequest.

At the time of the execution of the will, and at the death of the testator, the law in relation to school districts in the town was R. L., s. 499, reading as follows :

"When the inhabitants of a town can not be conveniently accommodated in one district, such town shall, at a meeting warned for the purpose, divide the town into several districts and determine their limits."

At that time nearly every town in this state had what is called the School District System, and was divided into several districts, generally from two to twenty, each district being a corporation by itself. Whether, at that time, there were more than one school district in the town of Stock-- bridge is not .alleged in the bill, unless argumentatively in the averment that No. 20, Acts 1892, was passed, in effect consolidating all school districts in the town of Stockbridge into one school district. By s. 1, No. 20, Acts 1892, each town was constituted a single district for school purposes,. and the division of towns into school districts theretofore existing was abrogated, except for the settlement of their pecuniary affairs; but school districts organized under special acts of the Legislature, were not affected by the act,.

unless they voted to become a part of the town system. The defendants Whitcomb contend that the then school districts having been consolidated, there was no one to take under the will, and that the distribution of the income of the fund cannot be made in consonance with the requirements of the will, and therefore the bequest is void, as it is coupled with a condition impossible of performance. The gift is not made in terms to the school districts; the testator says :

"I give the town of Stockbridge, Vt., to be invested in safe securities, twenty thousand dollars; the income only shall be divided among the school ·districts of said town. Each district shall receive an amount in proportion to the number of scholars attending school. No fractional district shall receive the benefit of this bequest. This gift shall be known as the Albert Whitcomb school fund."

It is not stated in the will for what purpose the income is to be used, but it is evident that the testator intended its use for the support of schools, as that is the only purpose for which school districts are organized; and it is also evident from the fact that the income is to be divided in proportion to the number of scholars attending school.

As early as 1787 it was enacted that towns might divide themselves into school districts, and from that day to this it is matter of common knowledge that the school districts have been constantly changed in respect to their territory; a part of one district has been annexed to another, districts have been consolidated and others divided; and it was a very common thing to see in the warnings of the annual town meetings an article, "to see if the town will make any changes in the school districts."

We think that anyone, in the execution of a bequest like the one under consideration, must have had in mind the constant changes so taking place.

The purposes and object of the gift can be accomplished, irrespective of the exact lines of division between the districts; and we see no reason whatever in thinking that the

testator had in mind that the bequest would fail if any changes were made in the school district lines, nor that he intended it.

The town now constitutes a single district, and it is provided in the act that schools shall be held at such places and at such times as, in the judgment of the board of directors, will best subserve the interests of education, and give all the scholars of the town as nearly equal advantages as may be practical; to make the matter as even as practicable, the school board is authorized to use not exceeding one-fourth of the school money for the purpose of conveying scholars to and from the schools.

The object, therefore, of the bequest can be as fully and completely attained when the town constitutes one school district as though there were many, and the beneficiaries are the same and take in the same manner.

If there had been twenty districts when the legacy vested, and the town subsequently made ten in place of them, or had increased the number, would such diminution or increase have forfeited the legacy? We think not.

The legacy was given to the town of Stockbridge for the purposes of common school education, the income to be divided among the districts in proportion to the scholars. If there is but one district, then it is to be paid to that.

In case the act of 1892 had not been passed, would any one claim, that in case an alteration had been made in the boundaries of each school district, by placing one or more families belonging in one district in an adjoining one, that the school district corporation became thereby so changed as to forfeit the bequest? Such construction would be erroneous, but would be the result in case the principle contended for is adopted. The town has complied with the conditions of the bequest by voting to accept it.

III.    The third point is material only in case the gift to

the town of Stockbridge, for the common schools, is held null. It is for that reason not considered.

IV. It is claimed that the legacy constituting the town of Stockbridge the residuary legatee of the testator's estate, is void for uncertainty. Were this a new question in this state it might merit fuller examination than we are inclined to give it, but in view of the adjudications by this court, we do not think this question an open one.

The cases in which it has been under consideration are, *Exrs. of Burr* v. *Smith*, 7 Vt. 241; *Button* v. *American Tract Society*, 23 Vt. 336; *McAllister* v. *McAllister*, 46 Vt. 272, and *Clement* v. *Hyde*, 50 Vt. 716.

The bequest is for the "relief of the poor of said town." In the McAllister case, *supra*, the income of the gift was for the benefit of the "freedmen of the nation," and in *Clement* v. *Hyde, supra*, it was to be expended in the education of the scholars of poor people in the county of Orange. These two bequests were held not void for uncertainty. Following this line of construction we must hold the one under consideration valid.

It is only necessary to refer to these cases to see that the gift is not void for uncertainty.

V. We think the legacy to the town of Stockbridge for its common schools vested at the death of the testator; but in the view we take of the character of the bequest, it is immaterial whether it vested then or at the death of Mrs. Houghton.

VI. No question is made in regard to the legacy given school district No. 3 in Bethel, as that district was not abolished by the act of 1892, having been organized under a special act of the Legislature.

It is stated in the brief that in case the legacy does not vest until the death of Mrs. Houghton, and school district No. 3 in Bethel becomes extinct, the legacy fails or lapses;

but we do not consider this question, as there is no occasion at this time to do so.

The district is still an existing corporation. What question may arise upon its dissolution we are not required and it is not proper for us to pass upon.

The above disposes of all the questions suggested.

*Decree affirmed and cause remanded.*

Taft, J., doubting and Munson, J., dissenting on the first point.

Start, J., did not sit, having been of counsel for one of the parties in interest.