DAVID DAVIS *vs.* INHABITANTS OF BARNSTABLE & others.

Barnstable.    March 26, 1891. — June 27, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Public Charity — Devise to Town for Schools — Bill for Instructions*
*by Town Agent.*

A gift to a town by will of a fund, the income of which is to be applied forever under its direction " to the support of public schools in said town, in such way as the town shall judge best," the testator expressing the wish, however, that " it be applied to providing school books for the public schools, unless it shall appear to the town that it can be applied in some more profitable and beneficial way," is a gift for a charitable use which the town may properly take.

An agent, chosen by a town in accordance with the terms of a gift by will to the town, who is to take charge of the fund, and is to invest it in no other way than by lending it to the town, taking the notes of its treasurer therefor, has sufficient title to the fund to bring, upon the request of the town, a bill in equity for instructions, to which all those interested are made parties, as to the proper disposition of the income of the fund.

A testator by his will, after providing for his nearest of kin and those dependent upon him, and expressing a wish to dispose of the residue of his estate in some manner for the benefit of his native town and its inhabitants, devised such residue to the town in trust, the income to be forever applied, under the direction of the town, " to the support of public schools in said town, in such way as the town shall judge best, but my wish is that it be applied to providing school books for the public schools, unless it shall appear to the town that it can be applied in some more profitable and beneficial way." *Held*, that the town could not devote the income to purchasing and presenting to scholars, attending its public schools from year to year, the books which they were using in their studies at the time they left school, or during the last year of their school attendance.

BILL IN EQUITY, for instructions as to the disposition of the income of a trust fund given by the will of Enoch T. Cobb. *Knowlton*, J. reserved the case for the consideration of the full court.    The facts appear in the opinion.

*H. M. Knowlton*, for the town of Barnstable.

*J. M. Day & T. C. Day*, for the school committee of the town.

MORTON, J.    There can be no question that the gift in this case is for a charitable use, and that the town may properly take it.    The fund is given for the benefit of the town of Barnstable, and the income is to be " applied, under the direction of the town

of Barnstable, to the support of public schools in said town, in such way as the town shall judge best." The testator desires that the income shall " be applied to providing school books for the public schools, unless it shall appear to the town that it can be applied in some more profitable and beneficial way." The purpose of the gift is to promote public education, and the gift clearly constitutes a public charity. *Drury* v. *Natick*, 10 Allen, 169. *Cary Library* v. *Bliss*, 151 Mass. 364.

The plaintiff has charge and possession of the fund under the will, and by the vote of and as agent for the town. The will provides that upon the death of the testator's wife, should she survive him, all that then remains of his estate, real and personal, shall go to the town of Barnstable in trust for certain purposes, and be held and managed as therein provided. As soon as may be after the estate comes to it, the town is to choose an agent who shall take charge of the estate. He is to give bond to the town, with sufficient sureties, to the satisfaction of the selectmen, in a sum not less than the amount of the estate. He is also directed to sell at public auction all the testator's real and personal estate, with two exceptions, and is authorized to give deeds conveying the real estate, and he is not to invest the fund in any other way than by lending it to the town of Barnstable, and taking the notes of the treasurer therefor.

The plaintiff is the successor of the agent originally appointed, and was chosen to fill the vacancy occasioned by his death. The town has appointed a committee to take measures to have the question that has been raised settled by this court, and this committee has also requested the plaintiff to bring this bill. All the parties interested are before the court. The Attorney General has been notified, and has intimated that he does not care to be heard. While the court cannot acquire jurisdiction by consent of parties, we think, without passing upon the exact nature of the plaintiff's title to the fund, that he has sufficient title to it to justify him in coming to this court for the instructions which he seeks. *Cobb* v. *Rice*, 130 Mass. 231. *Stone* v. *Reed*, 152 Mass. 179.

The question is whether the town can devote the income to purchasing and presenting to the scholars who attend its public schools from year to year the books which they were using or

studying at the time of their leaving school, or during the last year of their school attendance. It is no doubt true, as claimed by counsel for the town, that, in a broad sense, this might tend to promote education in the town of Barnstable through the medium of its public schools. But, assuming that the object of the testator was not so much to benefit the tax-payers of the town by lessening the burden of taxation as to afford a means of imparting increased efficiency to its public schools, we think that what the town proposes to do goes beyond the fair scope of the bequest.

The purpose of the testator was to benefit the town and its inhabitants. He says that, having provided for those dependent on him and remembered those nearest of kindred blood, he desires to dispose of what may remain of his estate " in some manner for the benefit of my native town of Barnstable." Again, speaking of his real estate, he says, " As I have no child living to whom I can transmit it, my wish is that it may hereafter benefit the town and its inhabitants." Later in the will he tells how he wishes to benefit the town and its inhabitants. He directs that the income of the fund which he creates " shall forever be applied, under the direction of the town of Barnstable, to the support of public schools in said town, in such way as the town shall judge best, but my wish is that it be applied to purchasing school books for the public schools, unless it shall appear to the town that it can be applied in some more profitable and beneficial way." The evident purpose of the testator was to benefit the town and its inhabitants through its public schools. His own desire was that the income should be used in purchasing school books for the public schools. But he leaves it, after all, to the town to apply it in such way as it judges best. It is to be applied, however, to the benefit of the public schools as schools, not to the benefit of the individual scholars. He nowhere speaks of scholars. The object immediately before his mind, in connection with the idea of benefit to the town and its inhabitants, was the public schools as such. The ultimate good aimed at may have been that of the scholar, but as a scholar in attendance on the public schools, not after the scholar's connection with them had ceased. And we can but think that this view would in the end be more productive of good than

would be the case if the town were allowed to use the income according to the scheme proposed in its vote.

The town is vested with a large discretion, it is true, as to the manner in which the income shall be applied, but it clearly has no right to apply it in a manner and to purposes not fairly within the scope of the bequest. *Cary Library* v. *Bliss,* 151 Mass. 364. We are not required to consider whether circumstances might possibly exist which would justify the use of the income in the manner proposed by the town. They do not exist now, and we think that the town cannot lawfully apply the income in the way proposed.                    *Decree accordingly.*