HENRY H. SEARS & another, administrators, *vs.* SALLY E.
CHAPMAN & others.

Barnstable.     January 31, 1893. — March 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Will* — *Trust for Charitable Purpose* — *Provision regarded as Administrative
Detail* — *Omission to name Trustee immaterial.*

The following clause in a will constitutes a good gift to charity : " After the said
O. is no longer my widow either by death or otherwise, I give and bequeath all
that may then remain of my property for the benefit of the inhabitants of E. and
vicinity, for educational purposes.  One third part of said property to be appro-
priated for a building and appurtenances, which shall be located on Quivet Neck
in E., and the other two thirds to be a fund for the support of said institution,
the interest of said fund to be so appropriated.  The whole to be under the ex-
clusive control of the inhabitants of Quivet Neck."  The provision as to the
" control of the inhabitants of Quivet Neck " is not of the essence of the gift, but
is only an administrative detail; and it is not necessary that the testator should
have named a trustee.

HOLMES, J.  This is a bill for instructions whether the follow-
ing clause in the will of Jacob Sears constitutes a good gift to
charity : " After the said Olive F. Sears is no longer my widow
either by death or otherwise, I give and bequeath all that may
then remain of my property for the benefit of the inhabitants of
East Dennis and vicinity, for educational purposes.  One third
part of said property to be appropriated for a building and
appurtenances, which shall be located on Quivet Neck in East
Dennis, and the other two thirds to be a fund for the support of
said institution, the interest of said fund to be so appropriated.
The whole to be under the exclusive control of the inhabitants
of Quivet Neck."

There is no doubt that a trust for educational purposes is a
good charitable trust.  *Hadley* v. *Hopkins Academy*, 14 Pick.
240, 253.  *Boxford Religious Society* v. *Harriman*, 125 Mass.
321, 327.  *Davis* v. *Barnstable*, 154 Mass. 224.  *Whicker* v. *Hume*,
7 H. L. Cas. 124.  *Russell* v. *Allen*, 107 U. S. 163, 172.  It is good
where there is no limit of space expressed, and it is none the
less so when the benefit of the gift is confined in terms, as it
must be in fact, to a particular locality.  *Lowell, appellant*, 22

Pick. 215.  *Clement* v. *Hyde*, 50 Vt. 716.  It is equally good
when the limit, although real, is not geometrically exact, as in
this case " East Dennis and vicinity." *Attorney General* v. *Glad-
stone*, 13 Sim. 7, 11.  *Hill* v. *Burns*, 2 Wils. & Shaw, 80, 90, 91.
*Miller* v. *Rowan*, 5 Cl. & F. 99, 110.  *Wallace* v. *Attorney Gen-
eral*, 33 Beav. 384.  *Saltonstall* v. *Sanders*, 11 Allen, 446, 467.
As the testator's plan is to carry out the purpose of his gift by
means of a building, probably the convenience of those concerned
will draw the line without the help of the court, unless the fund
is insufficient for the testator's scheme.

It is argued, on behalf of the heirs and next of kin, that the
provision " the whole to be under the exclusive control of the
inhabitants of Quivet Neck," is the consideration and condition
of the gift within the principle of *Bullard* v. *Shirley*, 153 Mass.
559.  It is assumed that this must fail, and therefore, it is said,
the gift fails.  We do not think that we can make it plainer than
it is upon the first reading of the clause, that such control is not
of the essence of the gift, but is only an administrative detail.
Moreover, on the facts before us, although probably a scheme
will have to be framed, we cannot assume that it is any more
impossible for the inhabitants of Quivet Neck to control the ad-
ministration of the fund than it would be if they were a town.
*Drury* v. *Natick*, 10 Allen, 169, 182.  *Cary Library* v. *Bliss*, 151
Mass. 364.  In *Baylis* v. *Attorney General*, 2 Atk. 239, where
money was left " to the ward of Bread Street, according to Mr.
—— his will," Lord Hardwick suggested a decree that the
money, " from time to time, be disposed of in such charities as
the alderman, for the time being, and the principal inhabitants,
shall think the most beneficial to the ward."

It is settled by a line of decisions in this Commonwealth that
a gift like the present, for a specified charitable purpose will not
fail for want of a trustee.  The doubts which have been expressed
on this point (*Jackson* v. *Phillips*, 14 Allen, 539, 576, and *Minot*
v. *Baker*, 147 Mass. 348, 353) must be confined to " gifts to char-
ity generally, with no uses specified, no trust interposed, and
either no provision made for an appointment, or the power of
appointment delegated to particular persons who die without
exercising it."  *Jackson* v. *Phillips, ubi supra.*  See *Missionary
Society of the Methodist Episcopal Church* v. *Chapman*, 128 Mass.

265, 268, and cases cited. The statement in Boyle, Charities, 213, is, that, " to give jurisdiction to the court when the selection of objects has been left undetermined by the testator, it seems essential that trustees should be interposed for performance of the office, or at least that an intention should have been evinced by the testator to commit the disposal of his property to some one." In the present case even the English criteria of jurisdiction are satisfied.

*Decree accordingly.*

*G. C. Travis,* First Assistant Attorney General, for the Commonwealth.

*G. A. King,* for the heirs at law and next of kin.