In Equity.

104  320
s106  385

THE WEBBER HOSPITAL ASSOCIATION et als.

*vs.*

STELLA R. McKENZIE, Executrix and Trustee.

STELLA R. McKENZIE, Trustee.

*vs.*

CHARLOTTE MUCHMORE et als.

York.    Opinion September 5, 1908.

*Wills.  Construction.  Trust.  Free Hospital.  Revised Statutes, chapter 47 ; chapter 57 ; chapter 79, section 6, paragraph VIII.*

Although no trustee is named in a will, yet a valid trust once created is never allowed to fail for want of a trustee. The executor may be held to act as trustee or the court may appoint one.

Allegations as to the misconduct of an executor and trustee cannot be considered by the Supreme Judicial Court sitting in equity upon the construction of a will. Such allegations are within the exclusive jurisdiction of the Probate Court in the first instance and of the Supreme Judicial Court sitting as the Supreme Court of Probate, on appeal, in the last instance.

A testator's will contained the following residuary clause :

" The balance of my estate and property real and personal and all that shall accrue to said estate, not otherwise mentioned to constitute a fund which when it shall have amounted to seventy-five thousand dollars the income from which to be and for the maintenance of a Free Hospital in Biddeford, Maine, where the unfortunate may receive good care and skilful treatment.

" If a Hospital shall not have been built when the above Hospital fund shall have amounted to seventy-five thousand dollars, twenty-five thousand dollars of the principal may be used for building one provided a sufficient sum is guaranteed for its maintenance.

" The above fund to be a memorial to my beloved wife, Eliza P. Webber."

Stella F. Ripley was named as one of the executors in the will without bond " leaving the other executor to the discretion of the Judge of Probate." The said Stella F. Ripley duly qualified as executrix under the will but no co-executor was appointed, and the said Stella F. Ripley settled the estate as sole executrix. No trustee being named in the will, the said Stella F. Ripley upon her own petition was then appointed trustee by the Probate Court, and afterwards having married one McKenzie she surrendered her former letters of trusteeship and was appointed trustee anew under the name of Stella R. McKenzie. Two Biddeford corporations, the Trull Hospital and the Webber Hospital Association were claimants for the benefit of the alleged trust fund created by the aforesaid residuary clause. These corporations were not in existence at the time of the execution of the will or at the death of the testator.

## HELD:

1.   That a valid trust was created by the will and although no trustee was named in the will yet a trustee has already been appointed by the Probate Court.

2.   That the word "free" in the residuary clause is used in the sense of thrown open or made accessible to all, open for the public use. It does not prohibit receiving compensation from those able to pay, and at the same time, no charge.is to be made against those unable to pay.

3.   That the Trull Hospital is not entitled to the benefit of the trust fund. It is a private enterprise organized with a capital stock under Revised Statutes, chapter 47, governing business corporations, all of the stock being held by the physician in charge and three other members of his family. It is neither a public nor a charitable institution and does not meet the requirements of the will. Such an institution is not a public charity even if indirectly it serves charitable ends.

4.   That the Webber Hospital Association is entitled to the benefit of the trust fund. It was organized under Revised Statutes, chapter 57, governing charitable and benevolent organizations for the admitted purpose of carrying out the provisions of this will. It has a membership of about three hundred and fifty. It is treating patients gratuitously. It comes within the letter and spirit of a charitable corporation whose distinctive feature is that it has no capital stock and no provisions for making dividends or profits, deriving its funds mainly from public and private charity and holding them in trust for the object of the institution.

5.   That when the principal of the trust estate amounts with its accumulations to $75,000, the trustee is authorized and directed to pay over semi-annually

to the treasurer of the Webber Hospital Association for its use, the income of the trust fund. When that time arrives the Association may have already built a hospital. If not the trustee may use $25,000 of the principal for that purpose, if a sufficient sum is guaranteed by other parties, so that with the income from the remaining $50,000 its maintenance is assured. If in the future the principal can be properly paid to the Association, to be held in trust, appropriate proceedings can be had therefor.

In equity. On report. Decree to be in accordance with opinion.

Two bills in equity asking for the construction of the will of Moses W. Webber, late of Biddeford, deceased, and the mode of executing the trust if one was created by the will.

The bill in the first named case was filed September 5, 1905, and was brought by the Webber Hospital Association, a corporation located at Biddeford, and Charlotte Muchmore, Phœbe Goodwin and Johanna Murray, heirs at law of the said Moses W. Webber, against the defendant, Stella R. McKenzie, in her capacity as executrix of the aforesaid will "and also in her capacity as trustee of a fund created by and under the provisions of said last will and testament of said Webber, for a hospital in said Biddeford, ' where the unfortunate may receive good care and skilful treatment.'" March 15, 1906, the Trull Hospital, a corporation located at Biddeford, was made a party plaintiff by agreement of all the parties. At the following September term, of the Supreme Judicial Court, all the plaintiffs, except the Webber Hospital Association and the Trull Hospital, withdrew by consent of the defendant. To this bill the defendant filed a demurrer and answer.

The bill in the last named case was filed January 2, 1906, and was brought by the said Stella R. McKenzie "in her official capacity as trustee by and under the last will" of the aforesaid Moses W. Webber, against the aforesaid Charlotte Muchmore, Phœbe Goodwin and Johanna Murray, "and against any and all unknown pretended supplicants or pretended claimants in any way relating to the last will and estate of said Webber, being all the parties interested, or claiming to be interested in the subject matter of this bill." The aforesaid Charlotte Muchmore, Phœbe Goodwin, Johanna Murray, the Webber Hospital Association and the Trull Hospital appeared in defense and filed answers to the bill.

Both cases were heard together on bills, demurrer, answers and evidence, before the Justice of the first instance. At the conclusion of the hearing and by agreement of the parties the cases were reported to the Law Court for determination.

All the material facts appear in the opinion.

Appearances in first named cause :

*Foster & Foster, Edwin Stone, George F. and Leroy Haley, and Cleaves, Waterhouse & Emery*, for plaintiffs.

*James O. Bradbury*, for defendant.

Appearances in last named cause :

*James O. Bradbury*, for plaintiff.

*Foster & Foster, Edwin Stone, George F. & Leroy Haley, Cleaves, Waterhouse & Emery*, for defendants.

SITTING : EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, JJ.

CORNISH, J. Construction of the will of Moses W. Webber formerly of Biddeford, who died June 9, 1899, is asked in two bills in equity, brought under R. S., ch. 79, sec. 6, par. VIII. The first bill was filed September 5, 1905, in the name of The Webber Hospital Association and of the heirs at law, against the executrix and trustee. On March 15, 1906, the Trull Hospital was admitted as party plaintiff and at the September term 1906, the heirs withdrew by consent of the defendant. To this bill the defendant filed a demurrer and answer interposing the objection that neither the Webber Hospital Association nor the Trull Hospital has sufficient interest to enable it to maintain the bill. On January 2, 1906, a bill was filed in the name of Stella R. McKenzie, trustee, against the heirs at law and all parties claiming an interest under the will, asking for a construction thereof and instructions upon the execution of the trust. The heirs at law, the Webber Hospital Association and the Trull Hospital appeared in defense and filed answers. Both cases are now before this court on report, the evidence taken being applicable to both. Under these circumstances it is unnecessary to determine the technical question raised by the demurrer as to whether

the first bill should be entertained. All parties in interest are before the court, and are asking for the construction of the same will and the mode of executing the trust if one was created. The result in no way depends upon whether the first or the second bill is entertained or both. This is a privileged suit "to which the ear of the court should be open" to relieve parties from tedious and expensive litigation. *Richardson* v. *Richardson*, 80 Maine, 585. Therefore, without discussing this technicality we pass to the merits of the case.

The portion of the will which is said to be of doubtful construction is as follows:

"The balance of my estate and property real and personal and all that shall accrue to said estate, not otherwise mentioned, to constitute a fund which, when it shall have amounted to seventy-five thousand dollars, the income from which to be used for the maintenance of a free hospital in Biddeford, Maine, where the unfortunate may receive good care and skilful treatment.

If a hospital shall not have been built when the above hospital fund shall have amounted to seventy-five thousand dollars, twenty-five thousand dollars of the principal may be used for building one provided a sufficient sum is guaranteed for its maintenance.

The above to be a memorial to my beloved wife, Eliza P. Webber."

The questions involved are,

First, whether a valid trust was created by this residuary clause or whether the residuary clause being void, the heirs at law of the testator are entitled to the residuum as intestate estate.

Second, if a valid trust was created, how shall it be administered.

1. The intention of the testator is clear. The will was made July 9, 1898, about one year before his death and as he was childless he desired to dispose of the bulk of his estate for charitable purposes and at the same time as a memorial to his deceased wife. He makes a bequest of five thousand dollars to his niece Stella F. Ripley, who is also named as executrix, together with all his household goods, books, pictures, etc., and the use of his house in Old Orchard for life, with one hundred dollars a year from the income of his prop-

erty for the maintenance of the same. Seven hundred and fifty dollars are given for a monument to be erected on the burial lot of his father. All other bequests create trust funds the income only to be used. Three of these are in small amounts for the care of family burial lots, a fourth is of $15,000 "as a fund, the income from which· to be given said Stella F. Ripley during her lifetime," and the fifth is of "one thousand dollars as a fund, the income from which to be donated to the aid of unfortunate women, to enable them to enter the Wardwell Home, so called, at Saco Maine, the fund to be known as the Eliza P. Webber fund." Then follows the clause already quoted bequeathing the balance of his estate "to constitute a.fund which when it shall have amounted to seventy-five thousand dollars, the income from which to be used for the maintenance of a free hospital," etc., also as a memorial to his beloved wife.

A purpose so benevolent and an intention so clear ought to be upheld by this court unless prevented by positive and firmly established rules of law.

2. Counsel for the heirs contend that this residuary clause is void, that the legacy lapsed because the intention is incapable of being carried into effect, and the court in equity is not authorized to frame a new intention for the testator; that his purpose was to establish a hospital absolutely and entirely free, not a hospital some branch of which might be free, or which might provide a certain number of free beds to charity patients; that neither the Webber Hospital Association nor the Trull Hospital is or claims to be a free hospital in this sense; that if twenty-five thousand dollars of the principal are taken to build such a free hospital, the income of the remaining fifty thousand will be entirely inadequate to maintain it; that a guaranty of at least two hundred thousand dollars from outside parties would be needed and as it is impossible for the court to say that such a sum will be guaranteed, the entire provision is impossible of fulfilment and therefore void. This contention invokes the commonly accepted rule that if it appears that the gift was for a particular purpose only and that there was no general charitable intention, the court cannot by construction apply it cy pres the original purpose, *Doyle* v. *Whalen*, 87 Maine, 414; and

if the gift cannot vest in the first instance in the donees for the reason that such donees cannot be found, as in *Brooks* v. *Belfast*, 90 Maine, 318, or if the gift is conditional upon a future and uncertain event, and the condition is never fulfilled so that the estate never arises, as in Re Whites Trusts, 33 Ch., Div. 449, cited by the learned counsel for the heirs, the court cannot appoint other donees cy pres, and the legacy lapses.

But in the case at bar the facts do not warrant the application of these rules. No condition whatever is attached to the bequest; the expenditure of twenty-five thousand dollars in erecting such a hospital is not mandatory but discretionary. "Twenty-five thousand dollars of the principal may be used for building one provided a sufficient sum is guaranteed for its maintenance" are the words of the will. The trustee is to decide whether a sufficient sum has at any time been guaranteed and even then he may expend twenty-five thousand of the principal or not, as his good judgment may determine.

Nor is the word "free" used in the sense of without compensation from any one receiving its benefits. Such a hospital is practically unknown. Income may be received from such as are able to pay, and yet the hospital be free. The word is used in its equally well known meaning as defined by Webster, "thrown open or made accessible to all." This is also a well recognized definition of the word in law: "Open to all — public," 14 Am. & Eng. Ency. of Law, page 527, Anderson Law Dictionary, "Open for the public use, "20 Cyc. 841, Black's Law Dictionary, *Dugan* v. *Baltimore*, 5 Gill & J. 357–375. It was therefore a public hospital "where the unfortunate may receive good care and skilful treatment" that the testator had in mind. No charge should be made to those unable to pay, but this would not prohibit receiving compensation from those who are able. It was to be open to all. The rich should not be turned away because of their wealth nor the poor because of their poverty. It should be free in the broadest sense.

The will, while providing that the income of this fund shall be used for the maintenance of a hospital, does not prohibit aid from other sources, but on the contrary, suggests such assistance.

Patients may contribute from their means; the State may make generous appropriations, benevolent friends may unite in guaranteeing an endowment. All these things may be done and they will promote rather than thwart the testator's intent. Without their aid the work of the hospital may be limited, with it, it may be largely extended.

This bequest therefore, fairly interpreted, is by no means impossible of fulfilment and the contention of the heirs on this point fails.

3. We think a valid trust was created. The bequest under consideration clearly comes within the scope of a public charity. "Public, or as they are frequently termed, charitable trusts, are those created for the benefit of an unascertained, uncertain and sometimes fluctuating body of individuals in which the cestuis que trustent may be a portion or class of a public community." 2 Pom. Eq. Sec. 987; *Bangor* v. *Masonic Lodge*, 73 Maine, 428; *Doyle* v. *Whalen*, 87 Maine, 414; *Brooks* v. *Belfast*, 90 Maine, 318; *Jackson* v. *Phillips*, 14 Allen, 539. The following are examples: "to the suffering poor of the town of Auburn," *Howard* v. *Am. Peace Soc.*, 49 Maine, 288; "to the town of Skowhegan for the worthy and unfortunate poor," *Dascomb* v. *Marston*, 80 Maine, 223; "for the benefit of the inhabitants of E. and vicinity for educational purposes," *Sears* v. *Chapman*, 158 Mass. 400. It is unnecessary to multiply authorities sustaining the point that the founding and maintenance of public hospitals form a favored branch of charitable trusts. *Ould* v. *Washington Hospital*, 95 U. S. 303; *Home for Incurables* v. *Noble*, 172 U. S. 386.

No trustee is named in the will but a valid trust once created is never allowed to fail for want of a trustee. The executor may be held to act as trustee or the court may appoint one. *Washburn* v. *Sewall*, 9 Met. 280; *Brown* v. *Kelsey*, 2 Cush. 243; *Sears* v. *Chapman*, 158 Mass. 400; *Tappan* v. *Deblois*, 45 Maine, 122; *Howard* v. *Am. Peace Soc.*, 49 Maine, 288; *Wentworth* v. *Fernald*, 92 Maine, 282.

In the case at bar that step has already been taken. In the Probate Court and upon her own petition, Stella F. Ripley on March 4,

1902, was appointed trustee and after her marriage and the surrender of her former letters of trusteeship, was appointed trustee anew on June 2, 1903, under the name of Stella R. McKenzie, gave bond in the sum of $75,000 and has settled two probate accounts in that capacity.

We therefore hold that a valid trust was created by the residuary clause of the will.

4.   The next question is the mode of executing said trust; to whom shall the principal or the income be paid?   There are two claimants, the Trull Hospital and the Webber Hospital Association, both now of Biddeford, but neither in existence at the time of the execution of the will nor at the death of the testator.

The Trull Hospital is a corporation, organized December 11, 1902, under R. S., ch. 47, governing business corporations, with a capital stock of $25,000 all of which has been since the incorporation, and still is owned by Dr. Trull and three other members of his family.   It owns and maintains a private hospital.   It is distinctly a private enterprise, originated by Dr. Trull in 1900 and then incorporated two years later as he says for two principal reasons, one because he had organized a training school for nurses, and it gave them a better recommendation to graduate from an incorporated institution, and second because, if incorporated, he would be relieved from paying duty on certain drugs and on alcohol. No mention of charity work is made in the purposes of incorporation or in the by-laws.   Some patients have failed to pay their bills but regular charges are made against all.   The management is in the hands of the directors who may receive or reject applicants as they see fit.

It is neither a public nor a charitable institution.   No patient has a right to claim its benefits unless he pays for them.   It is true that this claimant now declares its readiness to devote the income of the Webber fund, if received, to charity work, but that does not change the character of the institution itself.   Such an enterprise is not a public charity even if indirectly it serves charitable ends. *Stratton* v. *Physio-Medical College*, 149 Mass. 505.

Our conclusion is that the Trull Hospital is not such an institution as meets the requirements of the will and that it is not entitled to any portion of the income.

The Webber Hospital Association was incorporated on November 23, 1899, under R. S., chap. 57, governing charitable and benevolent organizations, for the admitted purpose of carrying out the provisions of this will and with the knowledge and approval of the executrix who was at first made a member of the Board of Directors. Its purposes are thus stated in its papers of organization; "for the purpose of taking and holding by purchase, gift, devise or bequest, personal and real estate, for the support and maintenance of a hospital in Biddeford where the unfortunate may receive medical and surgical treatment and nursing." It has a membership of about three hundred and fifty and its officers are among the substantial and public spirited citizens of Biddeford. It received an appropriation of ten thousand dollars from the State in 1907. Pledges have been made by certain individuals and corporations for its assistance. It occupies a leased house and is doing the work of a public hospital where the poor and unfortunate are treated gratuitously, limited only by the amount of its resources. It comes within the letter and the spirit of a charitable corporation whose distinctive feature is that it has no capital stock and no provision for making dividends or profits, deriving its funds mainly from public and private charity and holding them in trust for the object of the institution. 6 Cyc. 974; *McDonald* v. *Mass. Gen. Hospital,* 120 Mass. 432; *Farrington* v. *Putnam,* 90 Maine, 405.

We therefore are of the opinion that the Webber Hospital Association meets the requirements of the will and should be the recipient of its bounty.

When the principal of this trust estate amounts with its accumulations to $75,000, the trustee thereof is authorized and directed to pay over semi-annually, to the treasurer of that Association for its use the income of the trust fund. When that time arrives the Association may have already built a hospital. If not, the trustee may use twenty-five thousand dollars of the principal for that purpose, if a sufficient sum is guaranteed by other parties, so that with

the income from the remaining $50,000 its maintenance is assured. That decision will call for the sound judgment of the trustees.    If in the future this Association is in such condition that the principal can properly be paid to it, to be held in trust, appropriate proceedings can be had therefor.

5.   The bill filed by the Webber Hospital Association contains many allegations of misconduct on the part of Stella R. McKenzie both as executrix and as trustee, and claims that had the estate been legally administered the balance available for this trust would now amount to at least $75,000.   The record contains a large amount of evidence bearing on these points.   But these allegations and this evidence cannot be considered by this court sitting in equity upon the construction of a will.   They are within the exclusive jurisdiction of the Probate Court in the first instance and of this court sitting as the Supreme Court of Probate on appeal in the last instance.   The acts of the executrix and trustee have been passed upon by the Probate Court and whether correctly or incorrectly cannot be made a matter of inquiry in this proceeding.   *Harlow* v. *Harlow*, 65 Maine, 448; *Piper* v. *Moulton*, 72 Maine, 155; *Lebroke* v. *Damon*, 89 Maine, 113; *Graffam* v. *Ray*, 91 Maine, 234; *Hawes* v. *Williams*, 92 Maine, 483.   Sitting as the Supreme Court of Probate this court will not exercise equity power in construing a will, *Hanscom* v. *Marston*, 82 Maine, 288, and the converse is equally true.   Whatever rights and remedies an interested party has must be sought and enforced in the Probate Court.

. We deem it, however, our duty in this case to observe that the administration of this estate seems to have been left too much in the hands of one person and she a party with conflicting interests. Stella F. Ripley now Stella R. McKenzie, was named as one of the executors in the will without bond "leaving the other executor to the discretion of the Judge of Probate," showing a purpose on the testator's part to have a co-executor appointed who should give bond.   It seems, however, that no action was taken by her, looking to the appointment of a co-executor and she settled the estate as sole executrix without bonds, notwithstanding she was a legatee to the amount of $5000, and apparently made her own selection of

securities with which to satisfy that sum. She was then, upon her own petition, appointed trustee of the $15,000 fund of which she was the beneficiary, and to meet which she made another selection from the securities. In her petition she states that such was the wish of the testator. If so he could have easily expressed it by naming her as trustee in the will. By the same letters of trusteeship, she was made trustee of the residue of the estate, the income of which was to be for the benefit of a hospital. She claims that the balance has not yet reached the required sum. Her attitude toward the Webber Hospital Association, as disclosed by the record, is far from friendly and her interests in these various capacities are clearly antagonistic.

The court would suggest the propriety of the trustee resigning from the trusts, and having a disinterested person or corporation appointed, that would administer the $15,000 trust, paying the income thereof to Mrs. McKenzie during life; and also a disinterested person or corporation to administer the Hospital Trust in accordance with the construction herein given. The law does not look with favor upon such a concentration of conflicting interests and the rights of all parties will be better protected if these suggestions are carried into effect.

The Webber Hospital Association, the Trull Hospital and the trustees are each entitled to recover one bill of costs to be paid out of the estate, and also the three heirs at law who are to be treated as one party.

*Decree accordingly.*