TRUST COMPANY OF GEORGIA *v.* WILLIAMS *et al.*

No. 11969.   SEPTEMBER 16, 1937.

*Crenshaw, Hansell & Gunby* and *John H. Boman Jr.,* for plaintiff in error.

*Howell & Post, N. F. Culpepper,* and *John R. Strother,* contra.

JENKINS, Justice.   The heirs at law of a testator filed a peti-

tion to construe and declare void the residuary (sixth) item of his will, which was as follows: "All the residue of my property, of whatever character, real or personal, whether now owned or hereafter acquired, and including any lapsed legacy or devise of personalty or realty, I will to Trust Company of Georgia, a Georgia corporation, with an office in Atlanta, as trustee, to accumulate the net income from the trust estate for a period of twenty-five (25) years, and to add the same to the corpus to become a part thereof. At the expiration of said period of twenty-five (25) years, my trustee shall provide for the erection of a hospital in Griffin, Georgia, in honor of my father, John Marion Williams, my mother, Anne Williams, and myself, to be known as 'The Williams Memorial Hospital.' I direct that the pictures of my father, my mother, and myself, now in the Griffin Bank, shall be placed in said hospital. I make a special request that all charges at said hospital be reasonable. I hereby empower my trustee to take such steps for the proper organization of said hospital as my trustee may, in its sole and uncontrolled discretion, deem necessary, empowering it to incorporate such hospital if it desires to do so, and to deliver to such incorporation the entire corpus of the trust estate if it deems it wise so to do; or the trustee may in its sole discretion retain the corpus of the trust estate or a part of it in its hands, and operate the hospital itself, or through independent trustees. Any part of the corpus of the trust estate and accumulations thereto not used for the maintenance of the hospital shall be held as an endowment for the institution." This item was attacked as void, on the ground that it set up a perpetuity without creating a charitable trust so as to free the legacy from such rule, on the ground that it was too uncertain and indefinite to enforce, and on other grounds. The court held that the item was void, and that as to the residuary estate there was an intestacy. It is conceded by the plaintiff in error and agreed by the defendants in error, in their briefs, that, unless the item "provides for the establishing of a charity within the meaning and intent of the laws of Georgia, the trust violates the rule against perpetuities."

1. Among the various subjects stated by the Code, § 108-203 as "proper matters of charity for the jurisdiction of equity," are the "relief of aged, impotent, diseased, or poor people," and "other

similar subjects, having for their object the relief of human suffering or the promotion of human civilization." These subjects may constitute proper matters for charitable bequests or devises under §§ 108-201, 108-202. A hospital, however, is not, any more than a drug-store, a charitable institution per se; and in order for a devise or other gift establishing a hospital to come within the classification of a charitable institution, the terms of the gift must themselves require that it be operated in whole or at least in substantial part for the gratuitous relief of its inmates. *Morton* v. *Savannah Hospital,* 148 *Ga.* 438 (96 S. E. 887); *Executive Committee of the Baptist Convention* v. *Robertson,* 55 *Ga. App.* 409 (190 S. E. 432); McDonald *v.* Mass. General Hospital, 120 Mass. 432 (21 Am. R. 529); Roosen *v.* Peter Brent Brigham Hospital, 235 Mass. 66 (126 N. E. 392); Webber Hospital Association *v.* McKenzie, 104 Me. 320 (71 Atl. 1032); 2 Bogart on Trusts & Trustees, 1114. See also *Linton* v. *Lucy Cobb Institute,* 117 *Ga.* 678 (5, 7), 684-686 (45 S. E. 53); *Brenau Association* v. *Harbison,* 120 *Ga.* 929, 934 (48 S. E. 363, 1 Ann. Cas. 836); *Mayor &c. of Gainesville* v. *Brenau College,* 150 *Ga.* 156 (2), 161 (103 S. E. 164). Thus, while the character of a hospital as a charitable institution would not be destroyed by its receipt of compensation from some patients able to make payment, so as to thus enlarge its primary object and purpose for the gratuitous relief of human suffering, a legacy for the establishment of a hospital, to be governed and managed under the uncontrolled discretion of trustees, without any requirement that all or any part of its work be gratuitously done, violates the rule against perpetuities. Especially would this be true where the only provision which could be taken as relating to compensation or gratuitous service is merely a "special request that all charges at said hospital be reasonable." See Code, § 85-707; *Thompson* v. *Atlanta,* 178 *Ga.* 281 (2) (172 S. E. 915); In re Vance's Estate, 118 Cal. App. 763 (4 Pac. (2d) 977); Stratton *v.* Physio-Medical College, 149 Mass. 505 (21 N. E. 874, 5 L. R. A. 33, 14 Am. St. R. 442), and cit.; In re Kline's Estate, 138 Cal. App. 514 (32 Pac. (2d) 677, 680); 2 Bogart on Trusts & Trustees, 1113, § 365. Nor would the fact that such a hospital is to be created as a memorial to the testator and others operate to change the rule so as to make the legacy a valid charitable trust, *Bramblett* v. *Trust Co.,* 182 *Ga.* 87, 90, 91 (185 S. E. 72),

2. Such a legacy of the residuary estate in this case was void, and that estate vested in the heirs at law of the testator. The court properly so held.

3. The conclusion thus arrived at renders unnecessary a consideration of other grounds of attack on the legacy.

*Judgment affirmed. All the Justices concur, except Beck, P. J., and Bell, J., absent because of illness.*