22455. BURTON v. HICKS, Administrator.

SUBMITTED APRIL 14, 1964—DECIDED MAY 7, 1964.

*William H. Burke,* for plaintiff in error.

*G. Robert Howard,* contra.

HEAD, Presiding Justice. Item 4 of the will of Odessa Tritt Lassiter is as follows: "My house and lot 109 Peachtree Hills Avenue, Atlanta, Georgia, to be sold at the market price, also my automobile to be sold if I own one at the time of my death. Also all farming tools and my two diamond rings to be sold. All money from sales with all money on hand and U. S. Government Bonds are to be held in trust by my executor hereinafter named for twenty-five (25) years and then divided one-third to Norris Wilson Tritt, one-third to James Elmer Tritt and one-third to my niece, Dorothy Tritt Burton, in case she is living, if not, to be divided equally between the two nephews, Norris Wilson Tritt and James Elmer Tritt."

Dorothy Tritt Burton brought an action against Claud M. Hicks, as administrator with the will annexed of the estate of Odessa Tritt Lassiter. It was alleged that: the testatrix died on June 1, 1948; the defendant was appointed as administrator on June 7, 1948; he has performed all of the duties imposed upon him by the will except that he has not distributed the fund in his hands under Item 4 of the will to those entitled to receive it; the petitioner, Norris Wilson Tritt, and James Elmer Tritt are all sui juris, and have no intemperate, wasteful, or profligate habits; the petitioner has demanded of the defendant that he account to her and pay her one-third of the fund in his custody, which he has refused to do. It is asserted that Item 4 of the will "is offensive to the law of Georgia forbidding perpetuities and is, for such reason, contrary to law, and fully executed." The petitioner prayed that the will be construed and that "the court order, adjudge, and decree that the trust sought to be created by Item 4 of the last will of Odessa Tritt Lassiter has

become fully executed, and that the beneficiaries named therein, to wit, your petitioner and Norris Wilson Tritt and James Elmer Tritt, are entitled to the property of every sort and kind in the hands of the defendant fiduciary, share and share alike, immediately." The trial judge sustained a general demurrer to the petition, and the exception is to this judgment.

Section 85-707 of the Code of 1933, which was in effect at the time of the death of the testatrix, provided as follows: "Limitations of estates may extend through any number of lives in being at the time when the limitations commence, and 21 years, and the usual period of gestation added thereafter. A limitation beyond that period the law terms a perpetuity, and forbids its creation. When an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under legal limitations."

The two assertions of the petitioner, that Item 4 of the will offends the rule of law forbidding the creation of a perpetuity, and that the trust is fully executed and the funds in the hands of the administrator should be paid to the beneficiaries of the trust, are not consistent. In considering a will which attempted to establish a trust similar to the one in the present case, this court, in *Fuller v. Fuller*, 217 Ga. 316, 323 (122 SE2d 234), held: "There is only one specification of the time for the trust to continue which is 25 years. And this is unrelated to the life of any person therein referred to. The purported trust was in violation of the rule against perpetuities (*Code Ann.* § 85-707), and is therefore void."

Since the trust attempted to be set up in Item 4 of the will in the present case is void, and there is no residuary clause in the will, the funds held by the administrator under this item vested in the heirs at law of the testatrix. *Trust Co. of Ga. v. Williams*, 184 Ga. 706 (192 SE 913). The petitioner does not allege that she is an heir at law of the testatrix, and her petition therefore does not show that she has any inheritable interest in the estate of the deceased. The trial judge properly sustained the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*