27127. SHEATS et al. v. JOHNSON et al.

ARGUED APRIL 11, 1972—DECIDED MAY 3, 1972—
REHEARING DENIED MAY 18, 1972.

*Harold Sheats,* for appellants.

*J. Dunham McAllister, Charles J. Driebe, Howard & Storey, James C. Howard, Jr., King & Spalding, H. Fred Gober,* for appellees.

GRICE, Presiding Justice. This action arose when Samuel Marion Johnson, individually and as administrator with will annexed of the estate of Helen Stipe Johnson, deceased, filed a complaint in the Superior Court of Fulton County to construe the will of Helen Stipe Johnson, appoint a successor trustee, and consolidate another case of .that court seeking appointment of a successor trustee under said will with the instant proceeding. Named as defendants were Mrs. Marian Frances Johnson Collins and her children, Dana Marian, David, Douglas and Donald Collins; Dr. Donald E. Johnson and his children, Barbara and Deborah Johnson; and the Trust Company of Georgia. A copy of the will was attached to the complaint.      ·

It alleged that the plaintiff was the surviving spouse of the deceased, Helen Stipe Johnson, and had been appointed

administrator C.T.A. since the will had named the Citizens & Southern National Bank as executor and trustee but it had declined to serve; and that the Trust Company of Georgia had been suggested as successor trustee under the prior litigation but had also declined to serve.

The complaint also asked that the court appoint guardians ad litem for the minor children of Mrs. Collins and Dr. Johnson, as well as any unborn children of either of these two children of the testatrix.

It recited the creation of a trust under Item VI of the will for the purpose set forth in Item X (K), as follows:

"Item VI. All of the rest and remainder of my property, whether real, personal or mixed, however and whenever acquired and wherever the same may be situate or located, that I may own or be entitled at the time of my decease, or over which I may have any power of appointment, or that I may be entitled to receive at any time after my decease, I hereby bequeath as follows:

One-fourth (¼) to my son, Donald Eugene Johnson;

One-fourth (¼) to my daughter, Marian Frances Johnson Collins;

The remaining one-half (½) is hereby bequeathed to the Citizens & Southern National Bank, nevertheless in trust for the uses and purposes hereinafter set out."

Item VII provided that "Said trustee shall invest and reinvest said property and use the net income therefrom as well as the corpus as needed for the following purposes:

(a) The primary purpose of this trust is to care for my daughter Marian Frances Johnson Collins, and her children, and it is my desire that my daughter be supported as well as possible during her life and that her children be supported and educated as well as possible rather than the preservation of the corpus until the termination of this trust, and I wish my trustee to be guided by this consideration in determining the amount to be used for the care of my daughter and her children."

The following was set out in Item X (K):

"When the youngest of my grandchildren shall have com-

pleted his or her education, said trust shall terminate and the corpus of said trust, together with any accruals thereto, shall be divided as follows:

One-half (½) of said trust assets is hereby bequeathed to my daughter Marian Frances Johnson Collins;

The remaining one-half (½) of said trust estate shall be equally divided among my grandchildren who are then in life to be theirs share and share alike."

The other provisions of Item X need not be recited here as they merely direct the trustee to conserve and distribute the benefits.

The petition then alleged an uncertainty in the construction of these provisions of the will as to whether they created a valid trust for the benefit of the four children of Mrs. Collins, grandchildren of the testatrix, until the youngest completed his or her education, with the remainder to be divided as set forth above; or whether such provisions were invalid and void as a violation of the rule against perpetuities.

Answers were filed by the two adult defendants; by Garland H. Sheats as guardian ad litem for the four Collins children; by Frank W. Scroggins as guardian ad litem for the two Johnson children; and by H. Fred Gober as guardian ad litem for any unborn grandchildren of the testatrix.

The answers of Mrs. Collins and her children contended that the trust was valid and enforceable, while the answers of Dr. Johnson and his children denied the validity of the trust, contending that it violated the rule against perpetuities. The answer of the guardian ad litem for the possible unborn grandchildren admitted all the essential allegations but argued that Item X of the will was ambiguous and should be construed by the court. The Trust Company of Georgia also answered but this pleading is not pertinent to the issues here involved.

After hearing arguments by attorneys for all parties, the trial court held that the purported trust, set up in Items VI, VII and X (K) of the will, was void because it violated *Code Ann.* § 85-707, the rule against perpetuities; and that the

residuary estate resulting therefrom should be divided among the heirs at law of the testatrix.

From this order and judgment Mrs. Collins and her four minor children through their guardian ad litem Garland H. Sheats, now appeal.

Enumerated as error are the following: (1) that the order nullifies and frustrates the express and obvious intent of the testatrix by holding that the trust created by the will is void because it violates the rule against perpetuities; (2) that it was error to hold that the residuary created by the will was invalid and void and that the residue of the estate would be distributed to the heirs at law of the testatrix; (3) that in declaring the trust void the court erroneously interpreted the word "children" (of Mrs. Collins) to include afterborn children, when as a matter of law the term means only those children who were in life at the time of the death of the testatrix; and (4) that the proper construction of the will and the intent of the testatrix was for the trust to continue only until the youngest child of Mrs. Collins in life at the time of the death of the testatrix should have completed his or her education, which period is within the lifetime of a person in esse at the time of the death of the testatrix, and therefore, does not violate the rule against perpetuities.

These contentions, as we view them, are not meritorious.

1. As has been previously stated by this court, "The first and foremost consideration always in construing wills is to ascertain and give effect to the intention of the testator as expressed in the whole will, *provided it is not inconsistent with the law.* [Cits.]" (Emphasis supplied.) *Armstrong v. Merts,* 202 Ga. 483, 490 (43 SE2d 512).

The rule against perpetuities (*Code Ann.* § 85-707) should always be applied in construing a will to determine whether it is inconsistent with the law. Indeed, this "is not a rule of construction but a positive mandate of law to be obeyed irrespective of the question of intention, and is to be applied even if the accomplishment of the expressed intent of the testator is made impossible." *Thomas v. Citizens &*

*Southern National Bank,* 224 Ga. 572, 575 (163 SE2d 823).

The test here is whether the trust attempted to be created might continue for a period beyond lives in being plus twenty-one years and the gestation period. As to this *Code Ann.* § 85-707 (a) recites as follows:

"Limitations of estates may extend through any number of lives in being at the time when the limitations commence, and 21 years, and the usual period of gestation added thereafter. A limitation beyond that period the law terms a perpetuity and forbids its creation. When an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under legal limitations."

2. The crucial words in the will under consideration here appear in Item X (K).

First, the testatrix provided that the trust should terminate "when the youngest of my grandchildren shall have completed his or her education." It is significant that this language is not qualified so as to refer to the youngest of her grandchildren *in life at the time of her death.* The grandchildren are not named individually and are not referred to as "my said grandchildren," "my grandchildren alive at my death," or any other such descriptive phrase.

Moreover, the remainder is to be divided "among my grandchildren *who are then in life."* This language taken as a whole unambiguously means that the remainder interest vests in those grandchildren in life at the time the youngest has completed his or her education.

This court stated in *Veal v. King,* 216 Ga. 298, 301 (116 SE2d 223): "It is the general rule that, in a devise to a class, the members of the class are to be ascertained as of the date of the death of the testator, and to take a case out of the general rule, the intention to do so must be shown by clear and unambiguous language. [Cits.]"

It is obvious here from the words "my grandchildren who are then in life" that the class could narrow after death of the testatrix, and thus, this case is taken out of the general rule.

This court has pointed out that "The classic example of a void bequest is one which is to be divided among testator's grandchildren who reach 25 years of age." *Thomas v. Citizens & Southern National Bank,* 224 Ga. 572, 575, supra, and citations.

It has also been recognized by leading authorities that "The usual case of a gift to a class which violates the Rule against Perpetuities is that of a devise to such of the grandchildren of the testator (or of the children of some living person) as reach an age over twenty-one, say twenty-five; and this will serve as a typical case. The first point to consider is whether the devise is to vest at twenty-five, or whether it vests at the death of the parent (or other period not too remote), subject to be divested if a devisee dies under twenty-five. In the former case the devise is bad; in the latter the devise is good, and the divesting gift over bad." Gray, The Rule against Perpetuities (4th Ed.), p. 393, § 372. See also, 61 AmJur2d 74, Perpetuities, § 74; Redfearn, Wills and Administration of Estates in Georgia (1938 Ed.) 285, § 165; Mitchell, Real Property in Georgia, pp. 362, 366; Pindar, Georgia Real Estate Law and Procedure 269, § 7-130 et seq.

It is clear that the provision here in question is inconsistent with the law. Therefore, whether the testatrix *intended* the word "grandchildren" as used in the pertinent portions of the will to refer only to the children of Marian Frances Collins Johnson and thus make a specific, not a class, bequest is immaterial.

If follows that the trial court did not err in holding that this portion violates the rule against perpetuities.

3. There was likewise no error in the trial court's distribution of the residuary trust to the heirs at law of the testatrix. It is a basic principle that the failure of a testamentary trust does not render invalid other provisions of the will which are not affected by the trust and that the heirs at law will take when a residuary trust fails. See in this connection, *Trust Co. of Ga. v. Williams,* 184 Ga. 706, 709 (192 SE 913); *Burton v. Hicks,* 220 Ga. 29, 30 (136 SE2d 759).

For the reasons set forth above, the judgment of the trial court is

*Affirmed. All the Justices concur.*