30021. NATIONAL BANK OF GEORGIA v. FIRST NATIONAL BANK OF ATLANTA et al.
30022. GARDNER v. FIRST NATIONAL BANK OF ATLANTA et al.
30041. STORCH et al. v. FIRST NATIONAL BANK OF ATLANTA et al.
30042. WARNER v. FIRST NATIONAL BANK OF ATLANTA et al.
30055. DORSEY v. FIRST NATIONAL BANK OF ATLANTA et al.
30056. CADENHEAD v. FIRST NATIONAL BANK OF ATLANTA et al.

NICHOLS, Chief Justice.

These cases involve the construction of the last will and testament of Jennie English Kiser. The primary question to be decided is whether or not the trial court correctly held that Item VIII of the will violates the rule against perpetuities. Code § 85-707.

Item VIII of the will, with each sentence numbered by the court for ease of reference, is as follows: "[1] All the rest and residue of my estate, of every kind and character, I will, bequeath and devise to The First National Bank of Atlanta in trust nevertheless for the following uses and trusts, to-wit:

"[2] The said trustee shall receive, hold, invest and reinvest said property and distribute the net income accruing from the date of my death, and the principal of my estate, as follows:

"[3] (a) My trustee shall divide the net income from this trust into four (4) equal parts and shall pay one-fourth of the net income to each of the following: (1) Virginia English Kiser; and (2) Eloise Meier Kiser; and

(3) Gordon P. Kiser, III, and (4) Thomas Warren Kiser, paying said income to those of the above who have reached their majority, at such time as the trustee shall deem proper and convenient. [4] I hope this income can be paid quarterly but certainly not less than semi-annually. [5] This trust shall continue during the lives of the above named parties. [6] I appoint The First National Bank of Atlanta as the guardian of Gordon P. Kiser, III, and Thomas Warren Kiser, to receive this money and said guardian is directed to hold said income to provide for their maintenance, care and education until they reach their majority, then their guardian shall deliver such balance to my trustee herein named to hold in trust for the child or children of my grandsons, Gordon P. Kiser, III and Thomas Warren Kiser, should there be any, and until said child or children of my grandsons reach the age of twenty-five years. [7] My trustee is authorized to use any part of said income to provide for maintenance, care and education of my grandsons children and when their child or children reach his or their majority, then my trustee shall deliver such balance as may be in its hands to said child or children.

"[8] In the event that either of my grandchildren should die, leaving child or children, the said child or children of my grandchildren shall take his or her deceased parents share. [9] If either should die without children, then the surviving grandchild or grandchildren shall take his or her deceased brother's or sister's share.

"[10] If both of my granddaughters and my grandsons shall die leaving no surviving children, then and in that event, I will, bequeath and devise the residue of this Trust that may be in the hands of my trustee to the Board of Trustees of the First Presbyterian Church of Atlanta to establish a lasting memorial to my father, Captain James W. English and my mother, Emily Alexander English who were long time devoted members of this Church. [11] I leave it to the judgment of the Board of Trustees and the governing authorities of this Church to determine what kind or class of memorial will do proper honor to my mother and father.

"[12] This trust shall continue through the life of my grandchildren and until such child or children of my

grandchildren reach the age of twenty-five years and when the children of my grandchildren, should there be any, reach the age of twenty-five years, then this trust shall terminate and the residue distributed as herein provided."

Item II of the will states that the two children of the testatrix have, by the provision of her father's will, been amply provided for ". . . and for these reasons I have deemed it wise in this will and make particular provisions for my four grandchildren, Virginia English Kiser, and Elizabeth Meier Kiser, the daughters of my son, Gordon P. Kiser, Jr., and Gordon P. Kiser, III, and Thomas Warren Kiser, the sons of my son, Gordon P. Kiser, Jr. . . ."

The appellants in each numbered case, while recognizing that the will requires construction, contend that the trial court erred in construing the will of Jennie English Kiser so as to exclude each appellant or class represented by such appellant from taking under such will, except that in Case No. 30022 the minor grandsons of the textatrix complain only of the provisions of the trial court's judgment which imposed a trust upon the share of the residue of the estate which, under the judgment, placed fee simple title in them.

1. Does the will violate the rule against perpetuity? Item VIII of the will provides (1) for the residue of the estate to go to the First National Bank of Atlanta in trust "for the following uses and trusts . . ." The trustee is then directed (3) to divide the net income from the first trust established into four equal parts and to pay that income to the four named beneficiaries who have reached their majority (4) not less than semi-annually. It is then provided that this trust (5) shall continue during the lives of the four named grandchildren.

The will then directs (6) that the trustee, as guardian of the two minor grandchildren, shall receive their share of the income of such first trust and is to hold the same for said minors but is authorized to use any part of said income to provide for their maintenance, care and education until they reach their majority. When they reach their majority, the guardian is not instructed to deliver such accrued income to such grandsons but, on the contrary, is directed to hold such accrued income in

trust for the child or children of the testatrix' named grandsons, should there be any, until such great-grandchildren reach the age of twenty-five years. The trustee is also directed (7) to deliver any remaining corpus of this trust within a trust to the beneficiaries thereof (the grandsons' children), when they reach their majority.

The next paragraph of this item of the will (8) provides that in the event any grandchild should die, leaving children, such great-grandchildren of the testatrix "shall take his or her deceased parents' share . . ." but (9) in the event that any grandchild ". . . should die without children, then the surviving grandchild or grandchildren should take his or her deceased brother's or sister's share."

It is then provided (10, 11) that should all grandchildren die leaving no surviving children, the corpus of the trust should go to the Board of Trustees of the First Presbyterian Church of Atlanta to establish a lasting memorial to the parents of the testatrix. The last paragraph of this item of the will (12) provides that "This Trust shall continue through the life of my grandchildren and until such child or children of my grandchildren reach the age of twenty-five years and when the children of my grandchildren, should there be any, reach the age of twenty-five years, then this trust shall terminate and the residue distributed as herein provided."

Sentences 6 and 7 must be treated as referring to the trust within a trust only, and the remaining provisions of this item of the will are clear and unambiguous. If the trust for the named grandchildren violates the rule against perpetuities, then the trust within a trust is never operative.

The first beneficiaries under this item are the four named grandchildren. Under no construction would this bequest be deemed a class gift that would include after-born grandchildren of the testatrix. However, no such limitation is placed on the class of persons described as "children of my grandchildren," but to the contrary the language of the will is such that after-born great-grandchildren would be included. Accordingly, the final paragraph of this item of the will which requires that

the trust "shall continue through the life of my grandchildren and until such child or children of my grandchildren reach the age of twenty-five years . . ." and at that time terminate does refer to a class, some of whom may not be in esse. Under decisions exemplified by *Thomas v. Citizens & Southern Nat. Bank,* 224 Ga. 572 (163 SE2d 823); *Sheats v. Johnson,* 229 Ga. 150 (189 SE2d 856), this attempt to forbid alienation of the estate for a period beyond that permitted by the rule against perpetuities (Code § 85-707), requires a finding that such provision of the will is void.

2. Having determined that this item of the will violates the rule against perpetuities the next question presented is the proper distribution of the residue of the estate which was to make up the void trust.

Code § 85-707 (as amended) provides in part: ". . . When an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under legal limitations . . ." Under decisions exemplified by *Thomas v. Citizens & Southern Nat. Bank,* supra; *Shewmake v. Robinson,* 148 Ga. 287 (2) (96 SE 564); and *Landrum v. National City Bank of Rome,* 210 Ga. 316, 320 (80 SE2d 300), the fee of the residue vested upon the death of the testatrix in the four named beneficiaries of the life estate. The will construed in *Sheats v. Johnson,* supra, did not involve a life estate and the holding in that case is inapplicable to the case sub judice.

3. The sole remaining question to be considered is presented by the guardian ad litem of the two grandchildren of the testatrix who are not sui juris.

The contention is made that inasmuch as a proper construction of Item VIII of the will gives such minors a one-fourth interest each in the fee of the residue of the estate, the trial court erred in directing the executor to retain such interests in trust until each of such minor grandsons, severally, attains the age of majority.

In support of such contention the guardian ad litem contends that placing such estates in trust is contrary to Code § 85-501 which provides: "An absolute or fee-simple estate is one in which the owner is entitled to the entire property, with unconditional power of disposition during

his life, and which descends to his heirs and legal representatives upon his death intestate."

It is further contended that the creation of the fee simple estate arose by operation of law, and Ga. Code Title 49 (as amended) provides for the procedure for protecting, etc., a ward's estate under such circumstances.

The will provides in Item IX as follows: "I appoint The First National Bank of Atlanta as the guardian of the person and property of any of my heirs who may be minors at my death. Any provision in this will to the contrary notwithstanding, I direct that if any property of the estate should otherwise vest in any beneficiary while such beneficiary is a minor, then I direct and desire that said property be held by my executor and trustee herein named, in trust for the benefit of such minor beneficiary during minority, and said trustee may expend any portion of the income of the fund or property left for the benefit of any such minor, in the discretion of said executor and trustee, for the support, maintenance, education or comfort of such minor, if in the discretion of said executor and trustee said child shall be in need thereof. The decision of said executor and trustee as to said minor being in need, and the amount which shall be expended out of the income for said purpose, shall likewise be in its discretion."

The basis of the guardian ad litem's argument is that the above-quoted provision of the will is inapplicable because the judgment of the trial court awarding the fee of such residue of the estate was by operation of law and not under the will. The basic premise of this argument is misplaced. The award of the fee to the four named grandchildren was under the will and not by operation of law. Code § 85-707, quoted above, gives effect to provisions of the will not too remote. Thus, the minor grandchildren take under the will, and the judgment directing that such estate be held by the testamentary trustee as provided by Item IX of the will was not error. Compare *Grimsley v. Grimsley,* 79 Ga. 397 (5 SE 760).

No error appearing, the judgment of the trial court construing the will of Jennie English Kiser must be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 12, 1975 — DECIDED JULY 2, 1975.

*William J. Linkous, Jr.,* for National Bank of Georgia.

*Hansell, Post, Brandon & Dorsey, John H. Boman, Jr., Howard O. Hunter,* for First National Bank of Atlanta.

*Cory, Del Bello & Dowling, Joseph Gardner, III,* for Gardner.

*Alston, Miller & Gaines, Robert G. Edge,* for Storch.

*Westmoreland, Hall, McGee & Warner, C. Wilbur Warner, Jr.,* for Warner.

*Hugh M. Dorsey, III,* for Dorsey.

*A. Paul Cadenhead,* for Cadenhead.

*Bell & Desiderio, Robert J. Abrams,* for Lois Norris.

*King & Spalding, James M. Sibley, Neill G. McBryde,* for Virginia Kiser.

*Powell, Goldstein, Frazer & Murphy, James N. Frazer, Frank T. Davis, Arthur Howell, William L. Pressley, Hal L. Smith, William C. Wardlaw,* for First Presbyterian Church.

*Henry L. Bowden,* for Craft.

Gordon P. Kiser, Jr., *pro se.*